**MERIDIAN MUTUAL INSURANCE COMPANY, Appellant–Defendant,**

v.

**TRUEBLOOD & GRAHAM and Cynthia J. RULE, Appellee–Plaintiffs.**

No. 79A02–9012–CV–750.

Court of Appeals of Indiana, Second District.

Sept. 3, 1991.

Robert L. Hartley, Jr., Martin, Wade, Hartley & Hollingsworth, Indianapolis, for appellant-defendant.

Bruce W. Graham, Trueblood & Graham, Lafayette, for appellee-plaintiffs.

SHIELDS, J.

Meridian Mutual Insurance Company (Meridian) appeals the trial court's grant of declaratory judgment in favor of Cynthia J. Rule and Trueblood & Graham.

We reverse.

## ISSUE

Whether the subrogation provision in the Meridian insurance policy is ambiguous.

## FACTS

On May 7, 1988 Rule was injured in an auto accident. Meridian insured Rule. The other driver was insured by Economy Fire and Casualty Company (Economy). Meridian paid Rule's medical expenses in the amount of $4,719.90. Meridian then informed Economy of its subrogation rights under Rule's policy. Rule filed a lawsuit against the other driver and received a $20,000.00 settlement from Economy. Economy issued two drafts: one in the amount of $15,280.10, payable to Rule and her attorneys, Trueblood & Graham, and the second in the amount of $4,719.90, payable to Rule, Trueblood & Graham, and Meridian.

Rule and Trueblood & Graham demanded Meridian endorse the second draft payable to them. Meridian refused, claiming its subrogation rights under the policy entitled it to the draft. Rule and Trueblood & Graham filed a two count action against Meridian. In Count I they asserted Meridian was not entitled to reimbursement; in Count II Trueblood & Graham claimed that if Meridian was entitled to reimbursement, Trueblood & Graham were entitled to attorney fees for their efforts in recovering the money from Economy. The trial court granted judgment for Rule and Trueblood & Graham under Count I, thus making the claim for attorney fees under Count II moot. Meridian appeals.

## DISCUSSION

SECTION VI of Rule's insurance policy includes a subrogation clause which entitles Meridian to Rule's recovery from a third-party tort-feasor for any amount Meridian pays Rule. The subrogation clause states:

7. OUR RECOVERY RIGHTS

When **we** make a payment under this policy and the person to or for whom **we** have paid has a right to recovery from another, **we** are entitled to that right. That person must sign and deliver to **us** any legal papers, do whatever else is necessary to help **us** exercise that right and do nothing after loss to prejudice **our** right.

When a person to or for whom **we** have paid damages under this policy also recovers damages from another, that person shall hold the proceeds of the recovery in trust for **us** and reimburse **us** to the extent of **our** payment.

OUR RECOVERY RIGHTS do not apply to:

1. ADDITIONAL PAYMENTS under SECTION II—Expenses for Medical Services, COVERAGE C—Medical Payments Coverage, if it applies; or,

2. Section C–2 Death Indemnity of the PACEMAKER MEDICAL EXPENSE, DEATH INDEMNITY AND DISABILITY BENEFITS Endorsement U946, if that endorsement applies.

Record at 25–26 (emphasis in original). The trial court found the subrogation clause was ambiguous and, because Meridian drafted the contract, interpreted the contract most favorable to Rule and Trueblood & Graham. Thus, the trial court held Meridian was not entitled to be reimbursed for medical expenses paid to Rule.

Interpretation of a written contract is generally a question of law for the court. *McCae Management v. Merchants National Bank and Trust* (1990), Ind.App., 553 N.E.2d 884, 887. It is the court's duty to interpret the contract so as to ascertain the intent of the parties at the time the con-

tract was made as that intent is disclosed by the words used in the agreement to express the parties' respective rights and duties. *First Federal Sav. Bank v. Key Markets* (1990), Ind., 559 N.E.2d 600, 603. In the absence of an ambiguity the court does not look outside the instrument to ascertain the parties' intent. *McCae Management*, 553 N.E.2d at 887. The words used in the contract will be given their plain and ordinary meaning. *Tate v. Secura Insurance* (1990), Ind.App., 561 N.E.2d 814, 819. A contract is ambiguous if reasonable persons would find the contract susceptible to more than one interpretation. *McCae Management*, 553 N.E.2d at 887.

The subrogation provision in Rule's policy with Meridian is not ambiguous. Reasonable persons could not find the provision susceptible to any other reasonable interpretation. The policy provision states Meridian is entitled to recover from Rule any damages it pays her that she recovers from a third-party tort-feasor with two exceptions. First, Meridian may not recover damages it pays pursuant to the ADDITIONAL PAYMENTS subsection of SECTION II Medical Payments Coverage (COVERAGE C) of the policy, *if it applies.* It is undisputed that SECTION II does not apply to Rule because she chose to replace it with the PACEMAKER U946 Endorsement. Secondly, the policy clearly states Meridian is not entitled to recover benefits paid pursuant to "Section C-2 Death Indemnity of the PACEMAKER MEDICAL EXPENSE, DEATH INDEMNITY and DISABILITY BENEFITS ENDORSEMENT U946, *if that endorsement applies.*" Record at 26 (emphasis added).

Section C-2 Death Indemnity of Endorsement U946 endorsement states that Meridian will pay:

C-2 Death Indemnity

If the death of an **insured person** is the direct result of **bodily injury** caused by the accident and if the death of the **insured person** occurs within one year from the date of the **auto** accident, the amount of $5,000 less the amounts collectible under the other provisions of this endorsement and all other valid and collectible **auto** medical payments.

**We** will pay this benefit either to a surviving **family member** or the legal representative of the deceased person as **we** elect.

Record at 28 (emphasis in original).

Rule did not die as a result of the accident and Meridian did not make any payment pursuant to Section C-2 Death Indemnity of Endorsement U946. Therefore, the exclusion under SECTION VI(7)(2) does not apply. Therefore, pursuant to the subrogation provision in SECTION VI(7) Meridian is entitled to be reimbursed for the damages (medical expenses) it paid to Rule and that she recovered from Economy. The trial court erred in granting the declaratory judgment in favor Rule and Trueblood & Graham. Meridian is entitled to the proceeds of the draft in the amount of $4,719.90.

We reverse the trial court's judgment and order judgment in favor of Meridian on Count I. Also, because the second count, Trueblood & Graham's claim for attorney fees, was not determined, we remand to the trial court for further proceedings thereon.

BUCHANAN and CONOVER, JJ., concur.